UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CARLOS LOBATO ROMERO, ) | |
| ) | |
| Petitioner, ) | 2:11-cv-00679-RLH-RJJ |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| BRIAN WILLIAMS, *et al.*, ) | |
| ) | |
| Respondents. ) | |
| _____/ | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the court is respondents' motion to dismiss the petition (ECF no. 11).

**I. Procedural History**

On April 18, 2002, petitioner was convicted, pursuant to a jury trial, of attempted murder with the use of a deadly weapon (exhibit 25).[1] The trial court sentenced petitioner to 60-192 months, plus an equal and consecutive 60-192 months for the use of a deadly weapon (*id*.).

Petitioner appealed to the Nevada Supreme Court on May 13, 2002 (exhibit 28). The Nevada Supreme Court affirmed petitioner's convictions on November 6, 2002 (exhibit 37).

---

[1] All exhibits referenced in this Order are exhibits to respondents' motion to dismiss (ECF no. 11), which are located at ECF no.'s 12, 13, 14, 15, and 16.

On January 23, 2003, petitioner filed a proper person postconviction petition for a writ of habeas corpus in state district court (exhibit 40). Counsel was appointed in 2005 (exhibit 53), and a supplemental petition was filed on March 10, 2008 (exhibit 59). On June 27, 2008, the district court dismissed the petition without an evidentiary hearing (exhibit 62). Petitioner appealed (exhibit 64). On July 29, 2009, the Nevada Supreme Court affirmed the denial of petitioner's state habeas petition (exhibit 74), and the remittitur issued on September 1, 2009 (exhibit 75).

On January 13, 2010, petitioner filed a document entitled "Original Writ of Habeas Corpus, on in the alternative Petition for Writ of Habeas Corpus (Post-conviction) , or in the alternative petition for Writ of Mandamus, or in the alternative Petition for Declaratory Judgment (exhibit 76) in the state district court. The district court found that the petition was successive and an abuse of the writ and thus was procedurally barred and dismissed it in its entirety (exhibit 81). Romero appealed (exhibit 82), and the Nevada Supreme Court affirmed, stating that the petition was untimely and moreover was successive and an abuse of the writ (exhibit 92). The remittitur issued on January 7, 2011 (exhibit 93).

On April 29, 2011, petitioner submitted his federal habeas petition (ECF no. 6). Respondents have moved to dismiss the petition as untimely (ECF no. 11).

**II. Motion to Dismiss (ECF No. 11)**

      **A. Federal Habeas Petition is Untimely**

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

2

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

The United States Supreme Court has held that a habeas petitioner's state post-conviction petition, which was rejected by the state court as untimely under the statute of limitations, is not "properly filed," within the meaning of the statutory tolling provision of the AEDPA limitations period. *Pace v. DiGuglielmo,* 544 U.S. 408, 412-16 (2005). The Court in *Pace v. DiGuglielmo* held as follows:

> In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception.
>
> * * *
>
> What we intimated in *Saffold* we now hold: When a postconviction petition is untimely under state law, "that [is] the end of the matter" for the purposes of § 2244(d)(2).

*Id.* at 413-14.

In the present case, the Nevada Supreme Court concluded petitioner's direct appeal on November 6, 2002 (exhibit 37). His conviction became final on February 4, 2003, when the 90-day

3

period in which he had the option to file a petition for a writ of certiorari with the United States Supreme Court expired. United States Supreme Court Rule 13.1, *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

Petitioner filed his proper person state habeas petition on January 23, 2003. As a properly filed state habeas petition was filed before expiration of petitioner's time to file a petition for writ of certiorari to the United States Supreme Court, no untolled time passed between his direct appeal and litigation of his first state habeas petition.

Petitioner's litigation of his first state habeas petition concluded on September 1, 2009, when the remittitur issued from the Nevada Supreme Court's affirmance of the state district court's denial of the petition (exhibit 75). The period is statutorily tolled. 28 U.S.C. § 2244(d)(2).

On January 13, 2010, petitioner filed his Original Writ of Habeas Corpus, on in the alternative Petition for Writ of Habeas Corpus (Post-conviction) , or in the alternative petition for Writ of Mandamus, or in the alternative Petition for Declaratory Judgment (exhibit 76) in the state district court. The period of time following the Nevada Supreme Court's remittitur on September 1, 2009, up to and including the date he filed this second state habeas petition, January 13, 2010, is a total of 134 days. This period of time is not tolled by statute. 28 U.S.C. § 2244(d)(1).

Between January 14, 2010 and January 7, 2011–a period of 359 days–petitioner litigated his second state habeas petition. In affirming the denial of the petition, the Nevada Supreme Court determined that it was untimely filed pursuant to Nevada Revised Statutes ("NRS") 34.726 (exhibit 92 at 1).   As the Nevada Supreme Court held that petitioner's second state petition was untimely, the petition did not meet the "properly filed application" requirement pursuant to 28 U.S.C. § 2244(d)(2); *Pace*, 544 U.S. at 410. Accordingly, the 359 days that the petition was pending in the state courts is not entitled to statutory tolling.

4

The Nevada Supreme Court's remittitur for the second state habeas petition issued on January 7, 2011. Petitioner initiated federal habeas proceedings on April 29, 2011.[2] Thus, 112 days elapsed between the remittitur and the time petitioner filed his habeas petition. This period of time is not tolled by statute. 28 U.S.C. § 2244(d)(1).

In total, it took petitioner 605 days not otherwise tolled by federal statute to file his federal habeas petition. The federal habeas petition was filed about eight months after the expiration of the AEDPA statute of limitations. Accordingly, the federal habeas petition is untimely.

**B. Petitioner is Not Entitled to Equitable Tolling**

The United States Supreme Court has held that the AEDPA's statute of limitations, at 28 U.S.C. "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Court made clear that the "exercise of a court's equity powers . . . . must be made on a case-by-case basis," while emphasizing "the need for flexibility" and "avoiding [the application of] mechanical rules." *Holland*, 130 S.Ct. at 2563 (internal quotations and citations omitted). In making a determination on equitable tolling, courts must "exercise judgment in

---

[2] This court received the federal habeas petition on April 29, 2011 (ECF No. 1-1, 1-2). Pursuant to the "mailbox rule," federal courts deem the filing date of a document (in a federal action) as the date that it was given to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988). However, here, at numbered item 5, page 1, of the federal petition, petitioner listed May 14, 2002 as the date that he mailed or handed the petition to a correctional officer for mailing to this court (ECF No. 1-2). The court notes that this is impossible, given that such date is less than thirty days from the date of petitioner's conviction and that he subsequently litigated a direct appeal and two state habeas petitions in state court. Moreover, while petitioner signed his petition, he failed to date it, and on his application to proceed *in forma pauperis* he listed no day or month but the only the year of 2011. Due to other deficiencies in the petition, the court directed petitioner to complete a second federal habeas petition that set forth grounds in and of itself and did not rely on attached exhibits (*see* ECF no.'s 5, 6). Absent any argument by the petitioner regarding the date that his federal habeas petition should be deemed filed, the court deems the date of filing of the federal habeas petition as April 29, 2011, the date on which this court received the original petition.

light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Holland*, 130 S.Ct. at 2563.

In the opposition, petitioner utterly fails to address the untimely nature of his federal habeas petition (ECF no. 20). Petitioner has failed to show that an extraordinary circumstance prevented him from filing a timely federal petition. Petitioner is not entitled to equitable tolling and the petition must be dismissed as untimely.

**III.  Certificate of Appealability**

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); see also *United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

**IV.  Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 11) is **GRANTED** and the federal petition for a writ of habeas corpus is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT** accordingly and close this case.

Dated this    28th   day of October, 2011.

_____
UNITED STATES DISTRICT JUDGE